UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TED E. GEISLEMAN,

    Plaintiff,

v.

                    CAUSE NO. 1:20-CV-252-DRL-SLC

NORTON, DeSHALES, and REECE,

    Defendants.

OPINION & ORDER

Ted Geisleman, a prisoner without a lawyer, alleges three Fort Wayne law enforcement officers used excessive force when they arrested him on September 19, 2019. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Geisleman alleges Officers Norton, DeShales, and Reece broke his jaw when they slammed his face on the ground before he was handcuffed. He says he was not resisting, but he pleaded guilty to resisting law enforcement.[1]

> In *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010), [the circuit] addressed the ability of a plaintiff to proceed on a § 1983 excessive force claim where that plaintiff had been convicted of resisting arrest, and held that the plaintiff can only proceed to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction.

---

[1] *See State v. Geisleman*, 02C01-1909-F6-001198 (Allen Circuit Court filed September 23, 2019). https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IjYycHpIeWhlX2F0QnFIVWE0WVdYSVhrc3NXLUp2QlFvbHNOMkhLMGktODQxIn19. The court can consider public court records in determining whether the complaint states a claim for relief. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

*Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). Here, the complaint does not explain how his excessive force claim is consistent with the facts supporting his conviction. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Given his conviction for resisting law enforcement, Mr. Geisleman has not plausibly pleaded an excessive force claim here.

      This complaint does not state a claim for which relief can be granted. If Mr. Geisleman has additional facts that make it plausible to infer that the claims in this lawsuit are not inconsistent with his conviction for resisting law enforcement, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes and signs that form, he needs to send it to the court.

Finally, the clerk listed Fort Wayne Police Department as a defendant because Mr. Geisleman wrote that in the caption of the complaint. ECF 2 at 1. However, he did not name the Police Department as a defendant. *Id.* Moreover, he listed the names of three police officers as defendants and stated he was only suing three defendants. *Id.* Therefore the Fort Wayne Police Department must be dismissed.

For these reasons, the court:

(1) DISMISSES Fort Wayne Police Department;

(2) GRANTS Ted E. Geisleman until **October 13, 2020** to file an amended complaint; and

(3) CAUTIONS Ted E. Geisleman if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 14, 2020   *s/ Damon R. Leichty*
                     Judge, United States District Court