UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TED E. GEISLEMAN,

    Plaintiff,

    v.	CAUSE NO. 1:20-CV-252-DRL-SLC

FORT WAYNE POLICE DEPARTMENT,
GEOFFREY NORTON, MARC
DESHALES, ROBERT REECE, and JOEL
JACKSON,

    Defendants.

OPINION AND ORDER

Ted E. Geisleman, a prisoner without a lawyer, filed an amended complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Geisleman alleges he was not resisting when Officer Marc Deshaies and Officer Robert Reece "violently slammed [me] into the surface of the roadway [and] forcefully twisted my arms behind my back" on September 18, 2019. ECF 8 at 5. When the court screened his original complaint, it noted he had pleaded guilty to resisting law

enforcement.[1] ECF 7. For a 42 U.S.C. § 1983 excessive force claim in which the plaintiff has been convicted of resisting arrest, the plaintiff can only proceed to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction. *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014) (citing *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010)). The court found the original complaint did not explain how his excessive force claim was consistent with the facts supporting his conviction, so he was granted leave to file an amended complaint. ECF 7.

In the amended complaint, Mr. Geisleman admits he pleaded guilty to resisting law enforcement but provides no explanation as to how excessive force claim is not inconsistent with his guilty plea. Rather, he implies he is not actually guilty by arguing he took the plea on the advice of counsel to avoid the addition of an habitual offender enhancement. Nevertheless, he took the plea deal, and he is bound by the determination that he resisted law enforcement.

Attached to the amended complaint is the Affidavit for Probable Cause describing how Mr. Geisleman resisted arrest:

> Detective Norton and I were witting in the parking lot of Heritage Park on Hobson Rd. Fort Wayne, Allen County, IN, when a female, identified as Taya Easterday, ran up to us and said that a male subject was stealing another workers vehicle from the parking lot. She identified the vehicle as a Jeep. As she said this, we observed a Blue Jeep Wrangler exiting the parking lot at a high rate of speed. Taya also said that the subject had warrants for his arrest. Do to this, we got behind the vehicle. The vehicle pulled into another drive. The DEFENDANT was observed to be the driver

---

[1] *See State v. Geisleman*, 02C01-1909-F6-001198 (Allen Circuit Court filed September 23, 2019). https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IjYycH pIeWhlX2F0QnFIVWE0WVdYSVhrc3NXLUp2QlFvbHNOMkhLMGktODQxIn19. The court can consider public court records in determining whether the complaint states a claim for relief. *See* Federal Rule of Evidence 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

>of the vehicle. We initiated our emergency lights and pulled behind the vehicle in the drive. The DEFENDANT was ordered to exit the vehicle by Detective Norton, which he did not immediately comply with. The driver did exit the vehicle. Detective Norton ordered the DEFENDANT to get on his knees, which the DEFENDANT refused to do. The DEFENDANT told Detective Norton that he would not get on his knees. Multiple loud verbal commands were given to the DEFENDANT to get on the ground, which the DEFENDANT refused to comply with. The DEFENDANT was taken to the ground by Detective Deshaies and Officer Reece. The DEFENDANT was tensing up and not placing his hands willingly behind his back as ordered to do so while the officers were gaining control of him on the ground. The DEFENDANT continued to work against the officer's efforts to control him and his fists were clenched. The DEFENDANT was eventually able to be placed into handcuffs and placed into the rear of a squad car.

ECF 8-1 at 1 (multiple errors in original). This description explains how Mr. Geisleman refused to get on the ground as ordered and resisted being handcuffed. Therefore, his assertion in the amended complaint that he did not resist while being arrested is inconsistent with his guilty plea.

The Fourth Amendment prohibits police from using excessive force. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 397. "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem

3

unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id*. at 396.

Here, Mr. Geisleman refused to get on the ground when ordered. He alleges he was physically incapable of getting on the ground because of a knee injury. However, that assertion is inconsistent with his guilty plea where he admitted he "would not get on his knees," not that he could not do so. Law enforcement was justified in using force to take him to the ground and handcuff him. The amended complaint alleges he was injured as a result, but it does not plausibly allege the officers used excessive force to overcome his active resistance to their efforts to restrain him.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v.*

4

*Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Given his conviction for resisting law enforcement by refusing to get on the ground and refusing to be handcuffed, the amended complaint does not plausibly allege the police used excessive force when they arrested him on September 18, 2019.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted.

SO ORDERED.

July 26, 2021   *s/ Damon R. Leichty*
                Judge, United States District Court